No. 731.—GEORGE W. HUDSPETH, District Attorney, etc., *v.* ADOLPH
GARRIGUES.

A party having held an office before the war, which required him to take an oath to support
the Constitution of the United States, and after the passage of the secession ordinance by
the State having accepted and filled the office of clerk of one of the District Courts of the
State, is not disqualified from holding office by the act of Congress of 1868, admitting
Louisiana to representation in Congress, nor by the fourteenth amendment to the Consti-
tution of the United States.

The holding of the office of clerk of the District Court, while under the authority of the State
while in rebellion, was not of itself an act of rebellion.

APPEAL from the District Court, parish of St. Landry. *Porter,* J.
George W. *Hudspeth,* District Attorney, for plaintiffs and appellees,
*Bailey & Estilette, Henry L. Garland, J. H. Overton, Moore & Morgan*
and *George R. King* for defendant and appellant.

HOWE, J.    This action was instituted in behalf of the State, under
the provisions of the act of October 15, 1868, and a judgment was
asked decreeing the defendant to be a usurper of, and intruder into,
the office of Parish Judge of St. Landry, and ordering him to deliver
the office, with its appurtenances, to John Amrein, who was made a
party plaintiff.

The petition alleges that the defendant unlawfully holds the office,
being prohibited therefrom by the provisions of the fourteenth amend-
ment of the Constitution of the United States; and by the provisions
of an act of Congress of June 25, 1868, admitting the State of Louisiana
to representation in Congress ; it being averred that he took an oath
as a judicial officer [of the State] to support the Constitution of the
United States, and subsequently engaged in insurrection and rebellion
against the same and gave aid and comfort to the enemies thereof.    It
was also alleged that he had forfeited his office and the same had be-
come vacant by his failure to file in the office of the Secretary of State
the oath of eligibility prescribed by act No. 39 of the statutes of 1868.

The defendant answered by a general denial; asserted that he was
qualified to hold the office and had been duly elected and commis-
sioned, and denied that Amrein had ever been legally appointed or
qualified.

After a trial upon the merits, the Court gave judgment for plaintiff,
and the defendant has appealed.

The evidence in the case is chiefly documentary, and it appears that
the defendant held the office of Parish Judge before the late rebellion,
and, as such, took an oath to support the Constitution of the United
States ; that on the seventh November, 1861, he was appointed clerk
of the District Court for the parish of St. Landry to fill a vacancy,
and that he held the office for some years thereafter.    The first ques-
tion that arises in the case, then, is, in the language of the plaintiffs'
brief :

" Was holding the office of clerk of the District Court in the parish of St. Landry, during the rebellion, and under the authority and jurisdiction of a State acknowledged as one of the Confederate States of America, after having held the office of Parish Judge 'engaging in insurrection or rebellion against the United States, or giving aid and comfort to the enemies thereof ?' "

In solving so doubtful and delicate a 'question as this, we must not be unmindful of the complicated nature of modern civilization. The State is not a tribe of barbarians, who may be engaged in a rude agriculture to-day and transformed *in toto* to a band of warriors to-morrow. The necessities of civil life will still exist in a civilized society no matter how extensive and desolating may be the ravages of war. Property must be bought and sold, offenders against the criminal laws must be arrested and punished, private rights must often be adjudicated, successions must be opened, the claims of heirs, minors and married women must be ascertained and protected; and therefore, it might well be that in the parish of St. Landry, during the late rebellion, the office of a clerk of court might exist as a necessity without the discharge of its duties being considered in any enlightened view an engaging in insurrection or rebellion, or giving aid and comfort to the enemies of the United States. If, in 1861, every citizen of this parish, except those who were absent in the rebel army, had been a devoted friend of the United States, would it have been their duty to refrain from holding these minor local offices, and by leaving them vacant allow society to relapse into a chaotic condition ? We think not. On the contrary, we apprehend that there could be nothing in the discharge of the legal duties of such offices that could be considered as taking part for or against, or giving aid or comfort to, either one side or the other in the great controversy. And in the special case before us we are constrained to think that if the defendant confined himself to his legitimate duties as clerk (and there is no evidence that he did not), the fact that he held the office simply would not go to disqualify him under the act of Congress of June 25, 1868, admitting Louisiana to representation, and the fourteenth amendment to the Constitution of the United States.

If, in legislative, or other official capacity, he had been engaged in the furtherance of the unlawful purposes of the insurgents, when the duties of his office necessarily had relation to the support of the rebellion ; if he had held a position created for the purpose of more effectually carrying on hostilities, or whose duties appertained to the support of the rebel cause; or if he had in some way misused the office he did hold to forward the designs of the enemies of the United States; the case would have been very different. But, so far as we are advised by the record, he performed only clerical duties, such as belonged to a state of peace, and were designed to preserve civil order and administer civil law.

The point that the defendant has forfeited the office he now holds by failing to file an oath of eligibility as required by the act No. 39 of the laws of 1868, has already been settled adversely to the claims of plaintiffs by the decision rendered lately at Monroe in the case of Downes v. Towne, and is not now insisted upon by counsel.

We are of opinion that the plaintiffs have failed to establish their case by sufficient evidence.

It is therefore ordered and adjudged that the judgment appealed from be avoided and reversed, and the suit dismissed at the costs of the co-plaintiff, John Amrein.